UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANTHONY VAUGHN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-129-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Anthony Vaughn is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Manchester in Manchester, Kentucky. Vaughn contends that the district court improperly calculated his 168-month federal sentence in violation of the holding in *Alleyne v. United States,* 133 S. Ct. 2151 (2013). [Record No. 1] Proceeding without an attorney, Vaughn seeks relief through a Petition for writ of habeas corpus under 28 U.S.C. § 2241.

The Court reviews the § 2241 Petition to determine whether Vaughn is entitled to relief based on the face of the petition and any attached exhibits. *See* Rules 1(b), 4, Rules Governing 28 U.S.C. § 2254 Cases; *Patton v. Fenton*, 491 F. Supp. 156, 158–59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243;

*Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Following review, the Court will dismiss Vaughn's Petition.

**I.**

On April 11, 2002, Vaughn pleaded guilty in a Massachusetts federal court to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). *See United States v. Vaughn*, No. 1:01-CR-10352-RGS-1 (D. Mass. 2001).[1] On August 28, 2002, the district court sentenced Vaughn to a 168-month term of imprisonment, followed by a 36-month term of supervised release. [Record No. 52, therein] Vaughn appealed his sentence, arguing that calculation of his criminal history score was erroneous. [Record No. 72 therein] The United States Court of Appeals for the First Circuit granted the government's motion for summary disposition and affirmed Vaughn's sentence. [Record No. 72 therein; *United States v. Vaughn*, No. 02-2221 (1st Cir. Sept. 10, 2003)]

On December 4, 2003, Vaughn filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that he had been denied effective assistance of counsel during his criminal proceeding and, in particular, during the sentencing hearing. *See Vaughn v. United States*, No. 1:03-CV-12492-MEL (D. Mass. 2003). [Record No. 1, therein] Vaughn contended that his trial counsel should have moved for a downward departure at sentencing. Had his counsel done so, Vaughn argues that he would have received a lower sentence. [*Id.*]

On August 26, 2004, the district court denied Vaughn's § 2255 motion, finding that his ineffective assistance of counsel claims lacked were refuted by the record and, therefore,

---

1   The government moved to dismiss Count One of the Indictment which charged Vaughn with Conspiracy to Distribute Cocaine. [Record Nos. 47, 52]

lacked merit. [Record No. 8, therein] On September 1, 2004, Vaughn's § 2255 proceeding was dismissed. [Record No. 9, therein]

**II.**

Vaughn claims that the district court rather than a jury determined that he possessed 5 to 15 kilograms of cocaine. He asserts that the district court's determination of drug quantity resulted in a longer sentence under the federal sentencing guidelines than what Vaughn believes he should have received. Vaughn contends that that the district court's drug quantity determination violated his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution, and his right to have a jury determine any facts that increase the term of his sentence, guaranteed by the Sixth Amendment of the Constitution. In support, Vaughn cites the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Vaughn contends that *Alleyne* applies retroactively and entitles him to the relief sought.

**III.**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, such as the calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an

unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Vaughn is not challenging the manner in which the BOP is executing his sentence, such as the computation of sentence credits or parole eligibility. Instead, he argues that, based on the holding in *Alleyne*, his 168-month sentence violates both his rights to due process and to a trial by jury as to any element that would increase his sentence. Vaughn's Petition does not warrant relief under § 2241.

By asserting a claim based on *Alleyne*, Vaughn is challenging the constitutionality of his 168-month sentence on Fifth and Sixth Amendment grounds under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making those claims. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306–07 (6th Cir. 2012); *Charles*, 180 F.3d at 756; *Townsend v. Davis*, 83 F. App'x 729 (6th Cir. 2003) ("The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255."). Further, Vaughn bears the burden to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. The saving clause applies "only where the petitioner also demonstrates actual innocence." *Wooten*, 677 F.3d at 307; *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence.'"

*Wooten*, 677 F.3d at 307 (quoting *United States v. Peterman*, 249 F.3d 458, 461–62 (6th Cir. 2001)). To demonstrate innocence through an intervening change in the law, a petitioner must demonstrate a new interpretation of statutory law that the petitioner could not have incorporated into his direct appeals or subsequent motions, that the interpretation is retroactive, and that it applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. *Id.*

Vaughn argues that, under *Alleyne*, he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. Vaughn contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his first § 2255 motion was denied, supports his argument and applies retroactively to his § 2241 petition.

Unfortunately for Vaughn, on June 24, 2014, the United States Court of Appeals for the Sixth Circuit joined several other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489–91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Vaughn does not allege that he is actually innocent of the underlying drug possession offense to which he pleaded guilty. Vaughn contends only that his sentence was imposed in violation of his due process rights and his right to a trial by jury on the issue of

drug quantity. The savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their convictions, not their sentences. *See Bannerman*, 325 F.3d at 724; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012). "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013). Because Vaughn contests only the validity of his sentence, he cannot demonstrate "actual innocence."

### IV.

For the reasons outlined above, it is hereby **ORDERED** as follows:

1. Anthony Vaughn's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**;

2. The Court will enter an appropriate Judgment this date; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 30th day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge